**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MELISSA WYCHESIT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>BYLINE BANK,<br><br>      Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Case No. 23-CV-2639**<br><br>**Jury Trial Demanded** |

Plaintiff Melissa Wychesit, individually and on behalf of all others similarly situated, by her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This lawsuit seeks to recover unpaid overtime wages owed to Plaintiff and similarly situated individuals who worked as non-exempt branch employees, including Assistant Branch Managers, Personal Bankers, Universal Bankers, Senior Universal Bankers, Floating Universal Bankers, Tellers, Senior Tellers, Floating Tellers and Teller Supervisors, and other similar titles (collectively, "Branch Employees"), for Byline Bank in the United States, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Throughout the relevant period, it has been Byline Bank's policy, pattern, or practice to require, suffer, or permit Plaintiff and other Branch Employees to work in excess of 40 hours per week.

3. Byline Bank failed to pay Plaintiff and other Branch Employees for all hours worked, including for time performing security procedures before their scheduled shift start time and after their scheduled shift end time.

4.      Due to the demands Byline Bank imposed on them, Plaintiff and other Assistant Branch Managers were also regularly unable to take a full, uninterrupted 30-minute meal break and performed compensable work during time recorded as unpaid meal breaks.

5.      By the conduct described in this Complaint, Byline Bank willfully violated the FLSA by failing to Plaintiff and similarly situated employees proper overtime wages as required by law.

6.      Plaintiff seeks to recover the unpaid wages that Byline Bank owes her and similarly situated current and former Branch Employees.  Plaintiff brings this action under the FLSA, on behalf of herself and all similarly situated current and former Branch Employees nationwide who elect to opt into this action pursuant to the collective action provision of FLSA, 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

8.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391. Defendant is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

### *Plaintiff Melissa Wychesit*

11.      Plaintiff is a resident of Franklin Park, Illinois.

12.      Plaintiff worked as a non-exempt classified Assistant Branch Manager for Byline Bank from approximately October 2019 to September 2020, in Harwood Heights, Illinois.

13.      Throughout the relevant period, Plaintiff was a covered employee within the meaning of the FLSA.

14.      Plaintiff regularly worked more than 40 hours per week, with Defendant's knowledge and for Defendant's benefit.

15.      For example, Plaintiff worked off the clock for Defendant's benefit when performing security procedures before and after her shift, and also when performing compensable work during time recorded as unpaid meal breaks.

16.      Pursuant to its policy and practice, Byline Bank failed to pay overtime wages to Plaintiff for the off-the-clock work she performed in multiple workweeks, including workweeks in which Plaintiff's work exceeded 40 total hours (inclusive of both recorded and off-the-clock work).

17.      A consent to join form for Plaintiff is attached hereto as Exhibit A.

### *Byline Bank*

18.      Defendant Byline Bank is a Delaware corporation with its headquarters in Chicago, Illinois.

19.      Defendant is a full-service commercial bank that currently has approximately 37 branches across Illinois and Wisconsin.

20.     Byline Bank is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiff and similarly situated employees within the meaning of the FLSA.

21.     At all times relevant, Byline Bank maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

22.     Byline Bank applies the same employment policies, practices, and procedures to all Branch Employees.

23.     At all times relevant, Byline Bank's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings the First Cause of Action pursuant to the FLSA on behalf of herself and all similarly situated persons who work or have worked for Byline as Branch Employees during the applicable statute of limitations and who elect to join this action (the "FLSA Collective").

25.     Plaintiff and the FLSA Collective members are similarly situated in that they are subject to Byline Bank's common compensation policies, patterns, and/or practices, including Byline Bank's failure to pay for off-the-clock work performed by Branch Employees for its benefit, as more fully described herein.

26.     Byline Bank is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and all other FLSA Collective members in numerous workweeks in which they worked off the clock for Byline Bank's benefit and their total hours for the week exceeded 40.  There are many similarly situated current and former Branch Employees who have been

underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Byline Bank, are readily identifiable, and can be located through Byline Bank's records. Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

27.     Byline Bank agreed to toll the statute of limitations under the FLSA with respect to the claims of Plaintiff and similarly situated employees as of September 19, 2022.

**COMMON FACTUAL ALLEGATIONS**

28.     Plaintiff and other Branch Employees regularly worked more than 40 hours a week.

29.     Plaintiff and other Branch Employees engaged in pre- and post-shift work and were not paid for that time. This resulted in uncompensated, off-the-clock work, including overtime work.

30.     For example, Byline Bank required Plaintiff and other Branch Employees to perform security procedures prior to clocking in at the start of their shift, including disarming the alarm and inspecting the premises. The opening security procedures require the participation of at least two Branch Employees at each branch, and they must be completed before either Branch Employee can go to their respective workstations, boot up their computers, and finally clock in. Thus, the entire opening procedure is performed off the clock.

31.     Byline also required Plaintiff and other Branch Employees to perform similar security procedures at the end of their workday before leaving the premises. Branch Employees are required to clock out and close down their computers before performing closing procedures,

and so this time is likewise off the clock. These closing procedures include locking doors, inspecting the premises, and arming the security system.

32.     Further, Byline Bank required Assistant Branch Managers including Plaintiff to report a 30-minute unpaid meal break each day on their timesheets, even when they worked through all or part of those periods.

33.     Plaintiff and other Assistant Branch Managers frequently were unable to take all or part of the 30-minute meal breaks to which they were entitled due to the demands Byline Bank imposed on them. Assistant Branch Managers are expected to remain on the premises during their unpaid meal breaks to ensure that they are available to complete job duties that other lower ranking Branch Employees such as tellers are unable to complete on their own due to company policy, such as accessing the vault, approving overrides, and signing cashier's checks. They were therefore not fully relieved of duty and regularly unable to take an uninterrupted 30-minute meal break. This also resulted in uncompensated, off-the-clock work, including overtime work, for Assistant Branch Managers.

34.     Byline Bank failed to keep accurate records of the hours that Plaintiff and the FLSA Collective members worked.

35.     Byline Bank has required, suffered, or permitted all the work that Plaintiff and the FLSA Collective members have performed, and/or Byline Bank has known or should have known of all the work that Plaintiff and the FLSA Collective members have performed.

36.     Pursuant to a centralized, company-wide policy, pattern or practice, Byline Bank required, suffered, or permitted Plaintiff and the Collective Members to work off the clock, which resulted in Byline Bank failing to pay Plaintiff and the Collective Members for all hours worked, including overtime hours, in violation of the FLSA.

6

37.     Byline Bank's treatment and compensation of Branch Employees did not vary depending on the location where Branch Employees worked.

38.     As part of its regular business practice, Byline Bank has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Collective Members.  This policy and pattern or practice includes but is not limited to:

   a.   willfully failing to record all of the time that its employees, including Plaintiff and the Collective Members, have worked for the benefit of Byline Bank;

   b.   willfully failing to keep payroll records as required by the FLSA; and

   c.   willfully failing to pay its employees, including Plaintiff and the Collective Members, overtime wages for all of their hours that they worked in excess of 40 per week.

39.     Byline Bank is aware or should have been aware that federal law required it to pay its employees an overtime premium for all hours worked in excess of 40 hours per week.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act:  Unpaid Overtime Wages)**
**(On Behalf of Plaintiff and the FLSA Collective)**

40.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41.     At all relevant times, Plaintiff and the FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42.     The overtime wage provisions set forth in the FLSA apply to Byline Bank.

43.     At all relevant times, Byline Bank was the employer of Plaintiff and the FLSA Collective members and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45.     Byline Bank has failed to pay Plaintiff and the FLSA Collective members all of the overtime wages to which they are entitled under the FLSA.

46.     Byline Bank's violations of the FLSA, as described in this Complaint, have been willful and intentional.

47.     Byline has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective members.

48.     Because Byline Bank's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49.     As a result of Byline Bank's willful violations of the FLSA, Plaintiff and the FLSA Collective members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B.      Unpaid overtime and liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Pre-judgment and post-judgment interest;

D.    Attorneys' fees and costs of the action, including expert fees;

E.    A reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective, and for the risks she took in doing so;

F.    A declaratory judgment that the practices complained of herein are unlawful;

G.    An injunction enjoining Defendant from violating the foregoing laws and regulations in the future; and

H.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 27, 2023                          Respectfully submitted,

                                               */s/ Justin M. Swartz*
                                               Justin M. Swartz (admitted to N.D. Ill.)
                                               OUTTEN & GOLDEN LLP
                                               685 Third Avenue, 25th Floor
                                               New York, NY 10017
                                               Tel.: (212) 245-1000
                                               Email: JSwartz@outtengolden.com

                                               Paolo Meireles*
                                               SHAVITZ LAW GROUP, PA
                                               951 Yamato Rd, Suite 285
                                               Boca Raton, FL 33431
                                               Tel.: (800) 616-4000
                                               Fax: (561) 447-8831
                                               Email: pmeireles@shavitzlaw.com

Erika E. Pedersen (admitted to N.D. Ill.)
PEDERSEN & WEINSTEIN LLP
33 N. Dearborn Street, Suite 1170
Chicago, IL 60602
Tel.: 312-322-0710
Email:  epedersen@pwllp.com

* *Pro hac vice* application forthcoming